IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| TAHREIK WATFORD | : | NO. 23-523 |

**Perez, J.**                                                                                                         **August 28, 2025**

## MEMORANDUM

On July 9, 2025, this Court sentenced Defendant Tahreik Watford to 78 months of incarceration followed by 3 years of supervised release. Mr. Watford's sentencing guideline range turned on whether his prior robbery conviction under 18 Pa. Cons. Stat. § 3701 constituted a crime of violence under the sentencing guidelines ("Guidelines"). The Court concluded that the prior conviction was not a crime of violence and calculated Mr. Watford's sentencing guideline range accordingly. The Government now appeals Mr. Watford's sentence. The Court submits this Memorandum as a supplement to the record at sentencing, providing further explanation of its decision.

**I.     BACKGROUND**

On December 14, 2023, a federal grand jury returned a one-count Indictment against Mr. Watford, charging him with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. On April 17, 2025, Mr. Watford pled guilty to the charge. ECF No. 59. In advance of sentencing, the U.S. Probation Office for the Eastern District of Pennsylvania submitted a Pre-Sentence Investigation Report ("PSR"). The Government and counsel for Mr. Watford submitted sentencing memoranda. The probation office calculated a base offense level of 24 by accounting for two previous felony convictions: one for robbery under 18 Pa. Cons. Stat. §

3701(a)(1)(iv) and another for the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance under 35 Pa. Cons. Stat. §780-113(a)(30). The Government agreed with this calculation. Mr. Watford, however, calculated a base offense level of 20, arguing that the previous robbery conviction should not count toward his base offense level because it is not a crime of violence.

Under U.S.S.G. § 2K2.1(a)(2), the base offense level is 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." The base offense level is 20 "if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." *Id.* at § 2K2.1(a)(4). At sentencing, the Court concluded that the previous robbery offense was not a crime of violence, and the base offense level was 20. This determination resulted in a sentencing guideline range of 63-78 months. The Court sentenced Mr. Watford to 78 months imprisonment.

**II.     DISCUSSION**

"To determine whether a prior conviction qualifies as a predicate crime of violence, courts use the categorical approach or, when applicable, the modified categorical approach." *United States v. Ramos*, 892 F.3d 599, 606 (3d Cir. 2018). Which approach applies depends on whether the statute at issue is divisible. *United States v. Copeland*, No. 1:16-CR-73, 2023 WL 8456128, at *5 (M.D. Pa. Dec. 6, 2023). A divisible statute "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 579 U.S. 500, 505 (2016). In contrast, an indivisible statute "enumerates various factual means of committing a single element." *Id.* at 506. When a statute is indivisible, it "merely specifies diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual ways of committing some component of the offense." *Id.*

If the statute is indivisible, the categorical approach applies. *See United States v. Abdullah*, 905 F.3d 739, 744 (3d Cir. 2018). Conversely, if the statute is divisible, the modified categorical approach applies. *Id.* Under the categorical approach, the court "is concerned only with the elements of the statute of conviction, not the specific offense conduct of an offender." *Ramos*, 892 F.3d at 606. The court does not review materials regarding the facts underlying the conviction. *Id.* Under the modified categorical approach, however, "the court may consult a specific set of extra-statutory documents to identify the specific statutory offense that provided the basis for the prior conviction." *Id.* at 607. Only in a "narrow range of cases" will the modified categorical approach apply. *See Descamps v. United States*, 570 U.S. 254, 261 (2013).

18 Pa. Cons. Stat. § 3701(a)(1) provides:

> (1) A person is guilty of robbery if, in the course of committing a theft, he:
> (i) inflicts serious bodily injury upon another;
> (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
> (iii) commits or threatens immediately to commit any felony of the first or second degree;
> (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;
> (v) physically takes or removes property from the person of another by force however slight; or
> (vi) takes or removes the money of a financial institution without the permission of the financial institution by making a demand of an employee of the financial institution orally or in writing with the intent to deprive the financial institution thereof.

Mr. Watford was convicted under subsection (iv).

This Court joins the others that have held that Section 3701(a)(1)(iv) is an indivisible statute. *See, e.g., Copeland*, 2023 WL 8456128, at *6 (determining that 18 Pa. Cons. Stat. § 3701(a)(1)(iv) is indivisible); *United States v. Blakney*, 2021 WL 3929694, at *3 (same). As reflected in Pennsylvania's model jury instructions, subsection (iv) has two elements: "(1) that the defendant inflicted bodily injury on the victim or threatened the victim with immediate bodily

injury or put the victim in fear of imminent bodily injury; and (2) that the defendant did so during a theft." *Blakney*, 2021 WL 3929694, at *2 (citing Pennsylvania Suggested Standard Criminal Jury Instructions, § 15.3701B (3d ed. 2016)). The jury is not required to agree on which clause of the first element applies, which is the very essence of an indivisible statute. *See id.* As such, the Court concludes that Section 3701(a)(1)(iv) is an indivisible statute that should be assessed under the categorical approach.

Applying the categorical approach, the Court concludes that Section 3701(a)(1)(iv) is not a crime of violence under the Guidelines. A crime of violence is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use of unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." U.S.S.G. § 4B1.2(a). The Third Circuit has referred to the first element as the "force clause" and the second element as the "enumerated-offenses clause." *United States v. Payo*, 135 F.4th 99, 103 (3d Cir. 2025). Mr. Watford's conviction satisfies neither clause.

The Government has previously conceded that Section 3701(a)(1)(iv) is not a crime of violence under the force clause and rightfully so. *See id.* at 109. Crimes that can be committed with a *mens rea* of recklessness do not satisfy the force clause. *See Borden v. United States*, 593 U.S. 420, 432 (2021) (holding that the Armed Career Criminal Act's definition of "violent felony," which is identical to the force clause, does not include crimes that can be committed recklessly). Section 3701(a)(1)(iv) can be committed recklessly because the statute does not provide a *mens rea* for the first clause: "inflict[ing] bodily injury upon another." 18 Pa. Cons. Stat. § 302(c)

("When the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly, or recklessly with respect thereto."). Thus, a person can violate Section 3701(a)(1)(iv) if he recklessly inflicts bodily injury upon another while committing a theft. Because Section 3701(a)(1)(iv) can be committed with a *mens rea* of recklessness, it is not a crime of violence under the force clause.

An offense satisfies the enumerated offenses clause if its statutory elements "are the same as, or narrower than, those of" the Guidelines' definition. *See Descamps*, 570 U.S. at 254. The Guidelines define robbery as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining. The phrase "actual or threatened force" refers to force that is sufficient to overcome a victim's resistance.

U.S.S.G. § 4B1.2(e)(3). Section 3701(a)(1)(iv) is broader than this definition.

First, the Guidelines' definition requires intent, whereas Section 3701(a)(1)(iv) can be violated with a *mens rea* of recklessness. *See United States v. Stevens*, 70 F.4th 653, 660 (explaining that "Hobbs Act robbery is a general-intent crime."); 18 U.S.C. § 1951(b)(1) (showing that the definition of robbery under the Hobbs Act is the same as the definition of robbery under the Guidelines). Additionally, the Guidelines' definition requires a "taking or obtaining of personal property *from the person or in the presence of another*." U.S.S.G. § 4B1.2(e)(3) (emphasis added). Section 3701(a)(1)(iv), however, broadly requires a "theft." Under Pennsylvania law, theft includes, *inter alia*, receiving stolen property and theft of trade secrets. 18 Pa. Cons. Stat. §§ 3925 & 3930. These forms of theft, along with others, can be committed without obtaining the property "from the person or in the presence of another." U.S.S.G. § 4B1.2(e)(3). These examples illustrate

that Section 3701(a)(1)(iv) is broader than the Guidelines' definition of robbery. It is therefore not a crime of violence under the enumerated offenses clause.

### III. CONCLUSION

For all the reasons contained herein, the Court concludes that Mr. Watford's previous conviction under 18 Pa. Cons. Stat. § 3701(a)(1)(iv) does not constitute a crime of violence. Accordingly, his base offense level is 20, and the advisory sentencing guideline range is 63-78 months. By sentencing Mr. Watford to 78 months of imprisonment, the Court imposed a sentence that was sufficient but not greater than necessary to accomplish the objectives of sentencing.

_____
Hon. Mia R. Perez